GUILLERMO PETTERSON, demandante y apelante, v. BENITO URGAL, demandado y apelado.

No. 5194.—*Sometido:* Mayo 23, 1930. *Resuelto:* Julio 22, 1930.

El propio apelante radicó su alegato.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de un caso en que el demandante y apelante compareció personalmente ante la corte inferior y ante este tribunal. Si bien en ciertos casos una parte puede representar a sí misma con éxito, la experiencia general es que un litigante necesita estar representado por un letrado. En interés de la igualdad y certeza y para hacer que los hombres traten sus semejantes tal cual desean ser tratados, la civilización ha creído necesario estatuir un cuerpo de leyes compacto, que ni siquiera es del todo comprendido por los peritos, y del que el profano frecuentemente ignora los aspectos más obvios.

En el presente caso los autos y la opinión de la corte inferior revelan que el demandante durante el juicio trató de probar daños y perjuicios ocasionados a un horno y a una verja. Si se examina la demanda se verá que en ella no se alude a una causa de acción basada en la destrucción de estos objetos. En dicha demanda se habla de un caso de incendio malicioso en que el demandante y su familia sufrieron daños y perjuicios.

El demandado no contestó la demanda así radicada. De conformidad con el artículo 194 del Código de Enjuiciamiento Civil el demandante tenía derecho a una sentencia en rebeldía y solamente hubiese sido necesario que él probara la cuantía de los daños y perjuicios. En otras palabras, si en la demanda el demandante hubiese reclamado daños y perjuicios por la destrucción del horno y de la verja la corte hubiese estado obligada a asumir tal destrucción. La corte entonces

no debió haber inquirido, según lo hizo, si el demandante era o no dueño de la casa destruída.

Por otra parte, una sentencia en rebeldía solamente asume la existencia de los hechos esenciales mencionados en la demanda. Durante el juicio el demandante no trató de demostrar la cuantía de los daños y perjuicios sufridos por él y su familia, sino más bien los ocasionados a un horno y a una verja.

Por la demanda el demandado no tenía conocimiento de que en ella se reclamaban tales daños y perjuicios.

Aun con respecto a los daños y perjuicios reclamados la corte sentenciadora halló que no tenía base para calcular los mismos. Resolvemos que la corte, después de haber visto las alegaciones y oído la prueba nada podía conceder al demandante. Por tanto, no sin dejar de lamentarlo en algo, nos sentimos obligados a *confirmar la sentencia apelada*.